[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The appeal is from a decision of the Stratford Zoning Commission denying a request for an extension of time in which to obtain a building permit for the construction of housing on Success Avenue pursuant to a waiver which the commission had originally given in March of 1989.
Under the zoning regulations of the Town of Stratford, § 21.2, following the granting of a waiver a building permit must be obtained within 18 months. The original owner in this case, Paul VanStone d/b/a Cypress Construction Company, had applied for a waiver to construct two buildings, one containing nine housing units and the second containing five housing units on Success Avenue. The waiver was granted but the applicant failed to obtain the building permit in the time allotted. Instead, he and his successor owners requested three extensions of time, all of which were granted with the last one permitting the time to be extended to March of 1995. In December of 1994, the plaintiff then requested a fourth extension for eighteen months.
The request for a fourth extension of eighteen months presented a quite different plan from the original nine and five CT Page 10028 unit development. Now the proposal was to have 48 units built by the housing authority once it got approval from the various local boards of Stratford. This request was denied with the board stating that there had been enough time granted with the three extensions covering a five year period and reminding the plaintiff that he still had time to obtain the building permit by March of 1995.
Thereafter, the plaintiff then filed an application for an extension of time for one year, and this, too, indicated that the plaintiff was seeking to have the housing authority develop the property for 48 units instead of the original 14 requested in 1989. This extension was also denied, this time with the comment that 48 units was different from nine.
It appears to the court that at this point the board realized that what had been granted a waiver in 1989 was quite different from the proposal the plaintiff was projecting for 1995.
The first question which the court raised was whether the plaintiff was aggrieved since the plaintiff was substituted as a plaintiff in April of 1995, after the appeal had been taken and the order of the zoning commission had been issued. The defendant concedes that the plaintiff is aggrieved and since there was no special defense filed, the court so finds.
The second question is whether the zoning commission abused its discretion in failing to grant a fourth request for an extension.
It seems to this court that both the number of years which the plaintiff had to perfect his application by obtaining a building permit, to wit: five, was more than sufficient to enable him to proceed on his original application. The original reason that there had been enough time granted seems to the court to be reasonable.
Further, it is apparent that the last two requests for an extension of time were for a quite different development, to wit: 48 units as against 14 units. This in itself would appear to the court to be sufficient to warrant a denial of the last application.
Consequently, the court finds that it was not an abuse of the Zoning Board of Appeals' discretion to deny the last application CT Page 10029 nor was it arbitrary or unreasonable. Therefore this appeal is dismissed.
MARGARET C. DRISCOLL JUDGE TRIAL REFEREE